```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**ROXANE LABORATORIES, INC.,**

      Plaintiff,

  vs.                                    Civil Action 2:12-cv-312
                                          Judge Watson
                                          Magistrate Judge King

**ABBOTT LABORATORIES,** *et al.*,

      Defendants.

---

**ABBVIE, INC.,**

      Plaintiff,

                                          Civil Action 2:13-cv-645
  vs.                                      Judge Watson
                                          Magistrate Judge King

**ROXANE LABORATORIES, INC.,**

      Defendant.

---

**ABBVIE, INC.,**

      Plaintiff,

                                          Civil Action 2:13-cv-708
  vs.                                      Judge Watson
                                          Magistrate Judge King

**ROXANE LABORATORIES, INC.,**

      Defendant.

## <u>Memorandum</u>

    This matter is before the Court for consideration of AbbVie Inc. ("AbbVie") and Abbott Laboratories' ("Abbott") *Motion to Consolidate Related Actions* ("*Motion to Consolidate*"), No. 2:12-cv-312 (S.D. Ohio), Doc. No. 121; No. 2:13-cv-645 (S.D. Ohio), Doc. No. 70; No.

2:13-cv-708 (S.D. Ohio), Doc. No. 7, seeking to consolidate Case No. 2:13-cv-708 with two previously consolidated cases, Nos. 2:12-cv-312 and 2:12-cv-645 (the "*Consolidated Cases*"). Roxane Laboratories, Inc. ("Roxane"), opposes the *Motion to Consolidate*, *Roxane Laboratories, Inc.'s Opposition to AbbVie Inc's and Abbott Laboratories' Motion to Consolidate Related Cases* ("*Roxane's Response*"), Doc. No. 122. Abbott and AbbVie have filed a reply, *Reply in Support of Defendants'/Counter-Plaintiffs' Motion to Consolidate Related Actions* ("*Abbott and AbbVie's Reply*"), Doc. No. 126. For the reasons that follow, the *Motion to Consolidate* is **DENIED**.

**I. Background**

The Court has previously set forth the background of the *Consolidated Cases*:

> [AbbVie] is the holder of approved New Drug Application ("NDA") No. 22-417 for ritonavir tablets, 100 mg, which is marketed and sold under the trade name Norvir®. No. 2:12-cv-312 (S.D. Ohio), Doc. No. 58, ¶ 13. [AbbVie] also holds the regulatory exclusivities associated with that NDA. *Id*. [Roxane] has submitted Abbreviated New Drug Application No. 202573 ("ANDA 202573") to the United States Food and Drug Administration in order "to obtain regulatory approval to engage in the commercial manufacture, use, or sale of generic oral ritonavir tablets, 100 mg," which are the "bioequivalent" to Norvir®, "before the expiration of the Listed Patents." No. 2:12-cv-312 (S.D. Ohio), *Amended Complaint*, Doc. No. 56, ¶ 16.
>
> Roxane filed suit in this Court on April 10, 2012 at 4:25 p.m., seeking a declaration of invalidity and non-infringement in connection with Patent Nos. 7,148,359 (the "'359 patent") and 7,364,752 (the "'752 patent") held by [Abbott and AbbVie] and relating to the drug Norvir®. *See id*. at ¶¶ 1, 11-13. At 11:51 pm on that same day, Abbott filed suit in the United States District Court for the District of Delaware, alleging that Roxane's ANDA infringed Abbott's '359 patent, '752 patent, and Patent Nos. 5,648,497 (the "'497 patent"), 6,037,157 (the "'157 patent"), and 6,703,403 B2 (the "'403 patent"), all related to the drug Norvir®. 2:13-cv-645 (S.D. Ohio), *Complaint*,

2

>     Doc. No. 1, ¶ 3; 2:13-cv-645 (S.D. Ohio), *Amended Complaint*, Doc. No. 8, ¶ 3. That action was transferred to this Court on June 18, 2013. *Id., Order*, Doc. No. 65.
>
>     . . .
>
>     On July 23, 2013, the parties' July 9, 2013 joint motion to consolidate the Ohio action and the transferred action was granted. No. 2:12-cv-312 (S.D. Ohio), Doc. No. 120; No. 2:13-cv-645 (S.D. Ohio), Doc. No. 69.

No. 2:12-cv-312 (S.D. Ohio), *Opinion and Order*, Doc. No. 128, pp. 2-5.

AbbVie was issued patent Nos. 8,268,349 B2 (the "'349 patent") and 8,399,015 B2 (the "'015 patent") on September 18, 2012 and March 19, 2013, respectively. No. 2:13-cv-708 (S.D. Ohio), *Complaint* ("*No. 13-708 Complaint*"), ¶¶ 14-15; No. 2:13-cv-708 (S.D. Ohio), *Answer and Counterclaims of Defendant Roxane Laboratories, Inc.* ("*No. 13-708 Answer*"), Doc. No. 8, at ¶¶ 14-15. The '349 and '015 patents are both listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") for NDA No. 22-417 and relate to the drug Norvir®. *No. 13-708 Answer*, ¶¶ 14-15.

Roxane subsequently amended ANDA 202573, seeking approval to market generic ritonavir tablets prior to, *inter alia*, the expiration of the '349 and '015 patents. *Id.* at ¶ 13. On July 18, 2013, AbbVie filed suit in this Court, No. 2:13-cv-708 (S.D. Ohio) ("*AbbVie II*"), alleging that Roxane's ANDA infringed AbbVie's '349 and '015 patents. *No. 13-708 Complaint*, ¶¶ 3-4. Abbott and AbbVie now seek to consolidate *AbbVie II* with the *Consolidated Cases*.

**II. Discussion**

Rule 42 of the Federal Rules of Civil Procedure authorizes the consolidation of cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). A district court enjoys broad

3

discretion in making that decisions. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)); *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992)). "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey*, 962 F.2d at 1181 (quotation marks and citations omitted).

Roxane's arguments to the contrary notwithstanding, *see Roxane's Response*, pp. 6-9, the Court finds that the cases presently before the Court involve a common question of law or fact. First, the Court notes that the parties in the cases are identical. Second, many of the issues pertaining to infringement and invalidity arise in all the cases. All of Abbott and AbbVie's claims and counterclaims relate to Roxane's ANDA 202573 and will therefore involve issues of infringement of the same generic ritonavir product. Similarly, all the patents at issue relate to Norvir®, and both actions involve patents directed to aspects of the ritonavir pharmaceutical formulations. Because of these similarities, it is also likely that there will be overlap between the evidence used in both cases. For example, at least one reference cited by Roxane concerning the alleged invalidity of the '359 and '752 patents is also cited as support for the alleged invalidity of the '349 and '015 patents. *See Abbott and AbbVie's Reply*, Exhibit E, at pp. 14-20; Exhibit F, at pp. 3-4, 7-8. Although all parties acknowledge that the "precise technical nature" of the patents in *AbbVie II* is different from that of the patents at issue in the *Consolidated Cases*, there is sufficient overlap between the

4

patents and infringement claims to find a common question of law and fact.

This threshold determination does not, however, end the Court's inquiry. *Cantrell*, 999 F.2d at 1011-12; *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011) ("Whether cases present a common question of law or fact is only a threshold requirement; once a common question has been established, the decision to consolidate rests in the sound discretion of the district court.") (citations omitted). The Court must also consider:

> "Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Cantrell*, 999 F.2d at 1011 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). The United States Court of Appeals for the Sixth Circuit has advised that "the decision to consolidate is one that must be made thoughtfully with specific reference to the factors identified above. Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Id*. If the conservation of judicial resources achieved through consolidation is "slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id*.

In the cases presently before the Court, Roxane argues that consolidation would not promote judicial economy and that it would be prejudiced by consolidation because "there is a substantial difference in trial readiness between [*AbbVie II* and the *Consolidated Cases*]."

5

*Roxane's Response*, pp. 2, 5-6.  Roxane further argues that consolidation will significantly impact the case schedule in the *Consolidated Cases* and that Roxane "will be unavoidably prejudiced because consolidation will delay resolution of all the actions beyond 30 months from the filing of [Case No. 12-312]." *Id*. at pp. 6, 9-10.  Roxane's conclusory argument in this regard fails to explain precisely how or why Roxane will be prejudiced by a delay in the *Consolidated Cases*.  Nevertheless, however, the Court is not convinced that consolidation would best serve the interests of justice or promote the objective of consolidation.

Abbott and AbbVie argue that consolidation would promote judicial economy and the interest of justice because consolidation will prevent "duplicative, highly overlapping discovery" in the two cases.  *See Motion to Consolidate*, p. 6 ("Consolidation is warranted here for at least the purpose of simplifying and streamlining the discovery process, in light of the likelihood that AbbVie would be subjected to duplicative, highly overlapping discovery if the cases were not consolidated.").  *See also id*. at pp. 6-9.  However, *AbbVie II* and the *Consolidated Cases* are pending before the same judicial officers.  The Court can therefore coordinate discovery and minimize the risk and burden of duplicative discovery even without consolidation.  *See e.g.*, *LSP Technologies, Inc. v. Metal Imp. Co. LLC*, No. 2:10-cv-526, 2010 WL 3447834, at *2 (S.D. Ohio Aug. 30, 2010) (noting that "the existence of overlapping counterclaims does not weigh heavily in favor of consolidation" because the parties could coordinate discovery to permit discovery conducted in one case to be used in the other);

6

*Beverlly Jewerlly Co., Ltd. V. Tacori Enters.*, No. 1:06cv1967, 2006 WL 3304218, at *2 n.1 (N.D. Ohio Nov. 13, 2006) ("[T]o the extent that [the parties] will be engaging in the same discovery for their respective cases, those discovery efforts can be coordinated by the parties whether or not those actions are formally consolidated."). The fact that both cases are pending before the same judicial officers also minimizes the risk of inconsistent results and lessens the burden on the Court.  See *LSP Technologies, Inc.*, 2010 WL 3447834 at *2 (declining to consolidate cases and finding the risk of inconsistent claim constructions to be minimal where the same District Judge presided over both cases).  Finally, *AbbVie II* and the *Consolidated Cases* are at significantly different stages of litigation.  The *Consolidated Cases* were filed in April 2012, *i.e.*, fifteen months prior to the filing of *AbbVie II*, and the parties have engaged in extensive discovery in the *Consolidated Cases*.  *See e.g., Abbott and AbbVie's Reply*, p. 3 (noting that AbbVie has already produced over 4 million pages of documents).  Many of the original deadlines set in Case No. 12-312 have already been extended by approximately one year, *see* No. 12-312 (S.D. Ohio), *Preliminary Pretrial Order*, Doc. No. 29; No. 12-312 (S.D. Ohio), *Order*, Doc. No. 124, and consolidation would require yet additional and significant extensions to the schedule in the *Consolidated Cases*.  In an effort to achieve the expeditious resolution of the *Consolidated Cases* and minimize delay to the parties, the Court is at present unwilling to further extend that schedule for purposes of consolidation.  Should the schedule in the *Consolidated Cases* change, or should the schedule yet to be set in

7

*AbbVie II,* militate in favor of formal consolidation of the cases, the Court will of course entertain a request to revisit this issue at that time.

Based on the foregoing, the Court concludes that its discretion is better exercised at this time by denying consolidation.  Abbott and AbbVie's *Motion to Consolidate*, No. 2:12-cv-312 (S.D. Ohio), Doc. No. 121; No. 2:13-cv-645 (S.D. Ohio), Doc. No. 70; No. 2:13-cv-708 (S.D. Ohio), Doc. No. 7, is therefore **DENIED**.  The Court notes that a preliminary pretrial conference is scheduled in *AbbVie II* for October 2, 2013 at 1:45 p.m.  The parties must be prepared to discuss the coordination of discovery between *AbbVie II* and the *Consolidated Cases* at that time.

September 16, 2013                              *s/  Norah McCann King*
                                                             Norah McCann King
                                                    United States Magistrate Judge